[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant David Griffin appeals from the judgment adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950, Ohio's sexual-predator statutes. The classification as a sexual predator stemmed from Griffin's pleas of guilty to two counts of raping his eleven-year-old daughter, a sexually oriented offense. The trial court adjudicated Griffin to be a sexual predator the same day that it imposed concurrent five-year terms of imprisonment.
At the April 19, 2000, hearing, the state adduced evidence that Griffin "is likely to engage in one or more sexually oriented offenses sometime in the future." R.C. 2950.01(E). As contemplated by the statutory scheme, the trial court reviewed the record and arguments of counsel and identified those factors listed in R.C. 2950.09(B)(2) that were present and those that were not reflected in the record. In addition to Griffin's pleas of guilty, by which he effectively admitted raping his minor daughter numerous times over a lengthy period, the state offered a pre-sentence investigation report, which, as the trial court noted, reflected that Griffin had previous convictions for smuggling live ammunition into the Hamilton County Justice Center and for child endangering. The trial court specifically identified as factors supporting its decision the disparity in the ages of Griffin and his victim, the pattern of abuse in the special relation between a father and his child, and Griffin's repeated "disregard for those constraints which society imposes."
In his sole assignment of error, Griffin contests the manifest weight of the evidence presented to support the adjudication. After reviewing the record, we hold that the trial court had sufficient evidentiary material before it to produce a firm belief or conviction that Griffin was likely to commit another sexual offense. Consequently, the trial court properly found by clear and convincing evidence that Griffin is a sexual predator. See R.C. 2950.09(B); see, also, In re Adoption ofHolcomb (1985), 18 Ohio St.3d 361, 368, 481 N.E.2d 613, 620. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Sundermann, JJ.